### STATE TRUST & SAVINGS BANK v. MAYES.
### No. 11359.

Court of Civil Appeals of Texas. Dallas.
Jan. 20, 1934.

Taylor & Irwin and Edgar Hartsfield, all of Dallas, for plaintiff in error.

J. P. Rice, of Dallas, for defendant in error.

PER CURIAM.
Judgment affirmed.

### On Motion for Rehearing.

JONES, Chief Justice.

This is an appeal by plaintiff in error, State Bank & Trust Company, from a judgment entered in Dallas county court at law No. 2, in favor of defendant in error, for the recovery of four certificates of stock in the Southwestern Sewer Corporation, and, in the event the certificates are not delivered to defendant in error, a money judgment for $400, the aggregate amount of the value of the stock represented by the four certificates. At a former day in this term of court this judgment was affirmed without written opinion. As the correctness of the judgment has been challenged by plaintiff in error, in a motion for rehearing, we will express in writing the reasons for such judgment. The following is a sufficient statement of the facts:

Defendant in error owned four shares of stock in the Southwestern Sewer Corporation, each of the par value of $100 and each represented by a stock certificate. C. R. Schuster was doing a brokerage business, under the trade-name of Kramer Securities Company, dealing in stocks and also loaning money on stock certificates pledged as collateral security. On November 13, 1930, defendant in er-

ror negotiated a loan from the Kramer Securities Company for $100 less the advance payment of interest, and executed a note maturing in six months in said sum, and also pledged the four stock certificates as security for the payment of such debt. At the same time she executed the ordinary assignment of the stock certificates to the lender of money, as collateral security for the payment of the debt. At the request of Schuster, she indorsed each stock certificate in blank. The execution of the note, the assignment, and the indorsement thereon in blank of the stock certificates constituted one transaction. The note, the assignment, showing that the stock certificates were held as collateral security, and the certificates of stock were not securely fastened together. A short time after this loan transaction, Schuster carried the stock certificates to plaintiff in error, and, with no other indorsement thereon, placed them as collateral security for a $300 loan; later, but before the maturity of the note defendant in error had executed, Schuster renewed this loan for an amount aggregating $1,200, with the pledge of other collateral security. Plaintiff in error had no notice of the fact that the stock certificates were merely held by Schuster as collateral security.

Before the maturity of the $100 note, defendant in error learned that plaintiff in error was in possession of her stock certificates, and made demand on plaintiff in error for the stock certificates, tendering the amount due on the $100 note. This tender was declined and the suit resulted. The case was tried to the court without a jury, and the judgment appealed from was entered.

The trial court found as a fact, as stated in the judgment, that plaintiff in error did not know that defendant in error was the owner of the legal title to the stock in question, and did not know anything of the transaction by which the Kramer Securities Company secured possession of the certificates of stock, nor of the fact that they were merely held by it as collateral security for the loan of $100. Defendant in error did not consent to the act of the Kramer Securities Company, in pledging the stock certificates to plaintiff in error, and did not know that such action had been taken until shortly before the note matured, when she acted promptly in making her demand upon plaintiff in error.

As the main ground of defense to defendant in error's suit, plaintiff in error alleges that "she failed to use ordinary care when she executed the said assignment and endorsement in blank and delivered the stock certificates to the Kramer Securities Company, same being assignment and endorsement for a specific purpose. That she should have foreseen that the Kramer Securities Company might transfer, assign or pledge her stock certificates if she did not in some way attach the same to the note and pledge agreement which she signed; that she should have foreseen that by executing the assignment and endorsement in blank and delivering the same to the Kramer Securities Company without attaching said certificates to the note and pledge agreement, that same might or would fall into the hands of an innocent purchaser for value. That she is now estopped by her failure to use ordinary and due care and diligence, as aforesaid, in asserting as against the defendant who is holding same as security for its loan to the Kramer Securities Company."

■■ In this state, ordinarily a stock certificate is not negotiable under the law merchant, but constitutes personal property subject to the ordinary rule of caveat emptor with regard to sale or assignment. Phillips v. Citizens' National Bank et al. (Tex. Com. App.) 15 S.W.(2d) 550. As the Kramer Securities Company did not have title to defendant in error's stock, it necessarily follows that such company could not vest plaintiff in error with such title, for plaintiff in error could take no better title to the stock than its vendor possessed.

■ However, an owner of stock who indorses stock certificates in blank and places them in the possession of another party as collateral security for a loan may be guilty of such negligence in the handling of the stock as would estop such owner from enforcing ownership against an innocent third party. Phillips v. Citizens' National Bank et al., supra. It is this rule of law that plaintiff in error seeks to invoke as a defense to this suit, and charges negligence on the fact that defendant in error did not require that the stock certificates be securely fastened to the note and assignment, and should have anticipated the wrongful conduct shown to have been committed by Kramer Securities Company. The issue is thus narrowed to the inquiry as to whether defendant in error, in the light of attending circumstances, ought to have anticipated the wrongful act committed by the securities company. This is a question of fact to be determined by the court or jury trying the case. Featherston v. Greer et al. (Tex. Civ. App.) 169 S. W. 912; Phillips v. Citizens' National Bank et al., supra; Wilson v. Shear Co. (Tex. Civ. App.) 3 S.W.(2d) 849.

The court necessarily found, in the instant case, that defendant in error was not guilty of the negligence alleged, and, as this finding is on a question of fact and supported by evidence, it is adopted as binding upon this court. The motion for rehearing is overruled.

Overruled.